Koziol v. King

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand sixteen.

PRESENT:
> CHESTER J. STRAUB,
> RICHARD C. WESLEY,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

_____

LEON R. KOZIOL, individually and as natural parent of Child A and Child B,

> *Plaintiff-Counter-Defendant-Appellant*,

> v.                                                                          15-2819

DANIEL KING, individually and as New York State Family Court Judge, JAMES GORMAN, individually and as Family Court Magistrate, JAMES TORMEY, individually and as Administrator for the Fifth District, ROBERT ROSE, individually and as member of New York Appellate Division, Third Department, JOHN A. LAHTINEN, individually and as member of the New York Appellate Divison, Third Department, EDWARD SPAIN, individually and as member of the New York Appellate Division, Third Department, LESLIE STEIN, individually and as member of the New York Appellate Division, Third Department, MONICA DUFFY,

individually and as Chairwoman/Counsel for the New York Committee on Professional Standards, STEVEN ZAYAS, as an individual and investigator for said Committee, NICOLE CHRISTENSEN, individually and as supervisor for the Oneida County Support Collection Unit, JOHN CENTRA, individually and as member of the New York Appellate Division, KELLY HAWSE-KOZIOL, individually and as Custodial Parent for the state,

*Defendants-Appellees*,

WILLIAM KOSLOSKY, individually and as state "Attorney for the Child,"

*Defendant-Counter-Claimant-Appellee.*

---

**FOR PLAINTIFF-COUNTER DEFENDANT-APPELLANT:**

Leon R. Koziol, *pro se*, New Hartford, NY.

**FOR DEFENDANT-APPELLEE KELLY HAWSE-KOZIOL:**

Kelly Hawse-Koziol, *pro se*, New Hartford, NY.

**FOR DEFENDANT-APPELLEE NICOLE CHRISTENSEN:**

William P. Schmitt, Schmitt & Lascurettes, LLC, Utica, NY.

**FOR REMAINING DEFENDANTS-APPELLEES:**

Laura Etlinger, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, and Andrew D. Bing, Deputy Solicitor General, *on the brief*), for Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

**FOR PLAINTIFF-COUNTER CLAIMANT-APPELLEE:**

Paul G. Ferrara, Costello, Cooney & Fearson, PLLC, Syracuse, NY.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Leon R. Koziol, *pro se*, appeals from an August 10, 2015 order of the United States District Court for Northern District of New York (Sharpe, *C.J.*) denying his motion for an extension of time to file a notice of appeal under Federal Rule of Appellate Procedure ("FRAP") 4(a)(5). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the arguments on appeal.

We review the denial of a motion for an extension of time under FRAP 4(a)(5) for abuse of discretion. *In re Johns-Manville Corp.*, 476 F.3d 118, 124 (2d Cir. 2007). Under this standard, a district court's decision "cannot be set aside by a reviewing court unless it has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion that it reached upon a weighing of the relevant factors." *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 362 (2d Cir. 2003) (internal citation and quotation marks omitted).

FRAP 4(a)(5) gives the district court discretion to extend the time to file a notice of appeal upon a showing of "excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(ii). In deciding whether neglect is excusable, courts focus on "'the reason for the delay, including whether it was within the reasonable control of the movant . . . .'" *Silivanch*, 333 F.3d at 366 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Our review of the district court decision does not result in a "definite and firm conviction" that it "committed a clear error of judgment in the conclusion that it reached upon a weighing of the relevant factors." *Id.* at 362 (internal quotation marks omitted). The district court applied the correct test and reasonably concluded that Appellant failed to demonstrate excusable neglect or

3

good cause because the stated reasons for the delay were entirely within his control. *See id.* at 366. Because the district court's determination falls within the range of permissible decisions, it did not abuse its discretion in denying Appellant's FRAP 4(a)(5) motion.

We have considered all of Appellant's arguments and find them to be without merit. Accordingly, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court